IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

FREDERICK BANKS, #05711-068                                          PETITIONER

VERSUS                                       CIVIL ACTION NO. 5:10-cv-109-KS-MTP

FEDERAL BUREAU OF PRISONS
and BRUCE PERSON, Warden                                      RESPONDENTS

## MEMORANDUM OPINION

This matter is before the Court, *sua sponte*, for consideration of dismissal. Petitioner, an inmate incarcerated at the Federal Correctional Institute, Yazoo City (FCI-Yazoo), Mississippi, filed this petition for habeas relief pursuant to 28 U.S.C. § 2241 on June 17, 2010, and has been granted *in forma pauperis* status. The named respondents are Federal Bureau of Prisons and Bruce Pearson. As relief, the petitioner is requesting that he be discharged from confinement, an evidentiary hearing be conducted and that an attorney be appointed to represent him.

## Background

In the instant petition for habeas relief pursuant 28 U.S.C. § 2241, petitioner is challenging his housing, *i.e.*, being held in Special Housing Unit (SHU). Petitioner argues that after serving 90 days in SHU he should have been returned to general population or the staff should have requested regional level assistance to have him transferred. According to Petitioner, the prison staff has failed to comply with the rules, regulations and statutes. Petitioner further asserts that he has a liberty interest to remain in general population.

## Analysis

As an initial matter, this Court finds that the proper party respondent is the petitioner's custodian, Bruce Pearson, Warden - FCI Yazoo, where the petitioner is presently incarcerated.

*See* 28 U.S.C. § 2243. Since the petitioner is housed in a facility where this Court has jurisdiction over his custodian, he may file such a habeas request in this district court.

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992). However, when a claim is presented that is "unrelated to the cause of detention", habeas is not the available remedy. *Pierre v. United States*, 525 F.2d 933, 935 (5th Cir. 1976). For the reasons set forth below, petitioner cannot maintain the instant § 2241 petition for habeas relief.

Petitioner's complaint concerns his housing and as such, is not properly before this Court as a § 2241 habeas. Notwithstanding the petitioner's mere claim that being housed in SHU has an affect on the duration of his confinement without supporting allegations, this Court has determined that this claim is not challenging the Bureau of Prisons' execution or calculation of his federal sentence and in fact, does not have any impact on the fact or duration of his confinement. *See Dixon v. Hastings*, 202 Fed. Appx. 750 (5th Cir. 2006)(unpublished). Clearly, Petitioner should present his claims concerning his housing issues in a civil rights actions. Therefore, this claim filed pursuant to 28 U.S.C. § 2241 in the instant habeas request is dismissed with prejudice as frivolous and as for his conditions of confinement claim of being housed in SHU it is dismissed without prejudice so that he may properly present it in a non-habeas proceeding.[1]

---

[1]This Court finds that the petitioner has filed his claim concerning being housed in SHU as a petition for habeas relief § 2241 instead of a *Bivens* action because he has received three-strikes under 28 U.S.C. § 1915(g) and is now required to pay the filing fee of $350.00 to pursue a *Bivens* action challenging the conditions of his confinement unless he can meet the exception to 28 U.S.C.

Sanctions warning

This Court finds that the petitioner is well aware that a habeas petition pursuant to 28 U.S.C. § 2241 is not the proper action to file when he is challenging conditions of confinement. In fact, this Court finds that the petitioner was warned in *Banks v. Wright*, 5:07cv193-DCB-MTP (S.D. Miss. Nov. 13, 2007), that his continued filing of petitions for habeas relief pursuant to 28 U.S.C. § 2241 challenging the conditions of his confinement could result in the imposition of sanctions. Since the decision in *Banks v. Wright*, 5:07cv193-DCB-MTP (S.D. Miss. Nov. 13, 2007), this Court finds that the petitioner has filed a number of additional civil actions, not including the instant petition, which were found to concern his conditions of confinement, not the execution or calculation of his sentence .[2] The petitioner was once again warned in *Banks v.Chisolm*, 5:09cv198-DCB-MTP (S.D. Miss. Feb. 9, 2010) that his continued filing of civil actions pursuant to § 2241 that clearly relate to his conditions of confinement was an abuse of the writ and malicious. Hence, petitioner is given this final warning that any future attempts of a

---

§ 1915(g). *See Banks v. Duckworth*, civil action 5:07cv214-DCB-MTP (S.D. Miss. March 14, 2008) (Order [3] entered 12/7/07).

[2]*Banks v. Reese*, 5:07cv34-DCB-MTP (S.D. Miss. May 4, 2007), *aff'd*, no. 07-60410 (5th Cir. Apr. 15, 2008).
*Banks v. Reese*, 5:07cv172-DCB-MTP (S.D. Miss. Nov. 14, 2007).
*Banks v. Dalton*, 5:07cv183-DCB-MTP (S.D. Miss. Nov. 16, 2007).
*Banks v. Wright*, 5:07cv193-DCB-MTP (S.D. Miss. Nov. 13, 2007).
*Banks v. Reese*, 5:08cv12-DCB-MTP (S.D. Miss. Jan. 30, 2009).
*Banks v. Pearson*, 5:08cv153-DCB-MTP (S.D. Miss. Jul. 10, 2009).
*Banks v. Obama*, 5:09cv74-DCB-MTP (S.D. Miss. Aug 6, 2009).
*Banks v. Obama*, 5:09cv158-DCB-MTP (S.D. Miss. Oct. 21, 2009).
*Banks v. Chisolm*, 5:09cv198-DCB-MTP (S.D. Miss. Feb. 9, 2010).

similar nature will lead to the imposition of sanctions, including but not limited to monetary fines or restrictions on petitioner's ability to proceed in *pro se* actions in this Court.

## Conclusion

For the reasons discussed above, this cause filed pursuant to 28 U.S.C. § 2241 will be dismissed with prejudice as frivolous and his conditions of confinement claim is dismissed without prejudice so that the petitioner may pursue that claim in the proper manner.

A separate Final Judgment will be entered in the instant case.

SO ORDERED this the 9th day of September, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE